1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| CENTURY SURETY COMPANY, | CASE NO. 13cv1488 JM(JMA) |
| Plaintiff, | ORDER DENYING MOTION TO STAY |
| vs. | |
| CAL-REGENT INSURANCE SERVICES CORPORATION and STATE NATIONAL INSURANCE COMPANY, INC., | |
| Defendants. | |

16        Defendant Cal-Regent Insurance Services Corporation ("Cal-Regent") moves to

17  stay this action pending resolution of a related arbitration on-going in Phoenix,

18  Arizona. Defendant State National Insurance Company, Inc. ("State National") does

19  not oppose the motion. (Ct. Dkt. 34). Plaintiff Century Surety Company ("Century")

20  opposes the motion.   Pursuant to Local Rule 7.1, the matters presented are

21  appropriately resolved without oral argument. For the reasons set forth below, the

22  court denies the motion to stay.

23                          **BACKGROUND**

24  The Complaint

25        On June 27, 2013, Century commenced this diversity action for rescission and

26  declaratory relief. "Cal-Regent provides insurance-related services and, at all relevant

27  times, acted as a managing general agent for State National, including with respect to

28  the issuance of liability insurance policies underwritten by State National and the

handling of claims arising under those policies." (Compl. ¶6). On May 25, 2011, Cal-Regent submitted to Century an Application for Agents and Brokers Errors and Omissions Insurance (the "Application") to obtain insurance covering potential errors or omissions arising in the course of Cal-Regent's business as a managing general agent. (Compl. ¶7). Based upon representations by Cal-Regent in the Application, (Compl. Exh. B), Century issued Commercial Lines Policy CCP 707046 (the "Policy") to Cal-Regent for the policy period of June 22, 2011 to June 22, 2012. (Compl. ¶10). One provision in the Application represented, in effect, that Cal-Regent was unaware of any fact, circumstance, situation, incident, or allegation "which might afford grounds for any claim such as would fall under the proposed insurance." (Compl. ¶8). At the heart of Century's complaint is the allegation that the Application contains material misrepresentations.

In the Complaint, Century seeks a declaration that it has no obligation to defend or indemnify Cal-Regent in connection with State National's indemnity claims in the Arizona arbitration proceeding. Century also seeks to rescind the Policy based upon the alleged misrepresentations contained in the Application.

The Underlying Claim and the Bad Faith Action

On December 30, 2010, a bad faith lawsuit was filed against State National in the Superior Court for Maricopa County, Arizona (the "Bad Faith Action"). The Bad Faith Action arose out of a single-vehicle accident that occurred in Sonora, Mexico on February 9, 2007. A passenger in the vehicle, Brian Walderson, was seriously injured. Walderson and his parents (the "Waldersons") sued the owner of the vehicle, Sullivan Car Company, and the driver, Heath Sullivan (the "Sullivans"), for Brian's injuries.

The Sullivans sought coverage for the claims asserted under an insurance policy issued to Sullivan Car Company by State National through its managing general agent, Cal-Regent. (Compl. ¶14). Notice of the Waldersons' claim was provided to State National, Cal-Regent, and Vista Claims Services ("Vista"), the agent handling claims for policies issued by State National and Cal-Regent. Defendants denied coverage

because the policy purported to exclude coverage for accidents occurring outside the United States.  The following is the pertinent provision:

**B.  General Conditions**

**7.       Policy Period, Coverage Territory**

**Under this Coverage Form, we cover:**

**a.  "Bodily injury", "property damage" and "losses" occurring; and**

**b.  "Covered pollution costs or expense" arising out of "accidents" occurring during the policy period shown in the Declarations and within the coverage territory.**

**The coverage territory is:**

**The United States of America**

(Exh.).  The parties generally agree that this provision was formatted in such a manner that the coverage territory could be interpreted to mean that the policy actually applied to bodily injuries occurring anywhere in the world, but not to pollution costs or expenses which were limited to the United States.  (Reply at p. 2:27-3:7; Oppo. at 1:27 - 2:2).

After State National issued a denial letter, the Sullivans demanded the $1 million policy limit and advised State National that if the policy limits were not tendered, the Waldersons and the Sullivans intended to settle their dispute, including a stipulated judgment not to execute in favor of the Sullivans as permitted by Arizona state law. (Compl. ¶16).  In response to the demand letter, Vista Claims (the third party claims administrator hired by Cal-Rent) retained counsel who opined that the Sullivan policy did not provide coverage for Walderson's's claims because the accident occurred outside the coverage territory.  Cal-Regent acknowledges that it knew of the accident before completing the Application for insurance.  (Reply at p.2:27-28:7).  Cal-Regent agreed that the policy did not provide coverage for the Waldersons' claim.

On December 29, 2009, the Sullivans stipulated to judgment in the amount of $30 million and assigned all their rights to the Waldersons.  The Waldersons agreed not

1  to execute on the stipulated judgment and, on December 30, 2010, the Waldersons filed
2  the Bad Faith Action against State National and Vista Claims.  Ultimately, in March
3  2013, State National and Vista Claims entered into a $4 million settlement with the
4  Waldersons.[1]

5  The Arbitration

6       In 2013, State National brought an indemnity claim against Cal-Regent in a
7  Phoenix arbitration proceeding.  State National seeks to recover the $4 million
8  settlement of the Waldersons' claim based upon the formatting issue discussed above.
9  Cal-Regent tendered the claim to Century.  Century continues to pay Cal-Regent's
10 defense costs in the arbitration proceeding.

11                              **DISCUSSION**

12      Cal-Regent moves to stay this action because of its view that this case turns on
13 facts to be litigated in the Arizona indemnity arbitration proceeding.  A stay of an
14 action is an extraordinary remedy.  See  Landis v. North American Co., 299 U.S. 248,
15 254 (1936).  "To eliminate the risk of inconsistent factual determinations that could
16 prejudice the insured, a stay of the declaratory relief action pending resolution of the
17 third party suit is appropriate when the coverage question turns on facts to be litigated
18 in the underlying action." Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287,
19 301 (1993).  A stay is appropriate, for example, where a third party seeks damages on
20 account of the insured's negligence and the insurer seeks declaratory relief by arguing
21 that the insured harmed the third party by non-insured intentional conduct.  This is the
22 classic example where "the insurer's proof will prejudice its insured in the underlying
23 litigation." Id. at 302.  However, as explained by the California Supreme Court, "when
24 the coverage question is logically unrelated to the issues or consequence in the
25 underlying case, the declaratory relief action may properly proceed to judgment."

26      In discussing the different types of prejudice that may arise when an insurer

27 _____

28   [1] On April 19, 2012, Cal-Regent first provided notice to Century of
circumstances that might result in a claim against Cal-Regent in connection with the
Bad Faith Action.  (Compl. ¶19).

1    seeks declaratory relief while an indemnity action is pending, the California Court of

2    Appeal noted that prejudice may arise where the insurer "join[s] forces with the

3    plaintiffs in the underlying actions as a means to defeat coverage," the insured is

4    required to litigate in two different forums, or there exists the potential for collateral

5    estoppel effect where a factual determination in one action will bind the parties to the

6    same determination in the other action.  Montrose Chemical Corp. v. Superior Court,

7    25 Cal.App.4th 902, 909-10 (1994).  The Court of Appeal highlighted that any

8    determination to stay an action requires an analysis of the circumstances underpinning

9    the third party action and the declaratory relief action.  The determination must

10   consider basic insurance principles: "As the Supreme Court has explained, (1) since the

11   duty to defend is broader than the duty to indemnify and (2) since an insurer may owe

12   a duty to defend in an action in which coverage is in doubt and ultimately does not

13   develop, it follows that (3) the duty to defend is a continuing one which arises on the

14   tender of defense and (4) lasts until (a) the underlying lawsuit is resolved or (b) the

15   coverage issue can be determined without prejudice to the insured."  Id. at 909 (quoting

16   Montrose, 6 Cal.4th at 295).

17        The court concludes that Cal-Regent fails to show cognizable prejudice and

18   therefore, a stay of this action is not appropriate under the circumstances.  Cal-Regent

19   argues that the coverage issue "necessarily turn[s] on the resolution of facts in the

20   Phoenix Arbitration."  (Motion at p.8:12-13).  Without explaining how that is so, Cal-

21   Regent argues that it was not a named defendant in the Waldersons bad-faith claim

22   against State National, State National was "fully involved" in the decision to deny

23   coverage, and State National was aware of the "formatting issue" and chose to deny

24   coverage.  According to Cal-Regent, the issue in this action and the Phoenix arbitration

25   is whether State National "will deny [] involvement in the Walderson coverage

26   determination . . . [and] knowledge of [the] formatting issue relating to the coverage

27   territory provision.

28        The court concludes that the issue in this case is relatively straight forward:

1    whether Cal-Regent, at the time of submitting the Application for insurance on May
2    25, 2011, after comprehensive inquiry, was "aware of any fact, circumstance, situation,
3    incident or allegation of negligence or wrongdoing, which might afford grounds for any
4    claim such as would fall under the proposed insurance." (Compl. ¶8). Whether Cal-
5    Regent was aware of a potential claim within the meaning of the Application is a
6    separate and distinct issue from whether State National is entitled to indemnity from
7    Cal-Regent for the $4 million settlement.   Regardless of the court's determinations
8    related to the alleged misrepresentations in the Application, the validity of the
9    underlying Policy is not one of those determinations. Interpretation and construction
10   of the Policy, and the potential formatting issue identified by the parties, is not an issue
11   before this court.
12       In response, Cal-Regent explains that it was a program underwriter for the State
13   National policy, that it retained Vista Claims to administer claims under the State
14   National policy, and that Vista Claims acted as State National's agent, and not as Cal-
15   Regent's agent. (Reply at p. 23-25). The court rejects these arguments as bearing on
16   the issue of cognizable prejudice within the meaning of Montrose. While Cal-Regent
17   is involved in an arbitration proceeding in Arizona and this litigation in California, the
18   court notes that litigation involving insurers or their agents in multiple forums is a
19   common occurrence and therefore fails to demonstrate cognizable prejudice.
20       In sum, the court denies the motion to stay.
21       **IT IS SO ORDERED.**
22   DATED:  July 16, 2014
23
24                                          Hon. Jeffrey T. Miller
                                            United States District Judge
25   cc:        All parties
26
27
28